UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

| | |
|---|---|
| TYRONE DUCAN, | ) |
| Plaintiff, | ) Civil Action No. 3:24-CV-P205-CHB |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| HON. KING, | ) |
| Defendant. | ) |

\*\*\* \*\*\* \*\*\* \*\*\*

This matter is before the Court on an initial review of Plaintiff Tyrone Duncan's *pro se*, *in forma pauperis* Complaint pursuant to 28 U.S.C. § 1915(e). For the reasons set forth below, the Court will dismiss this action.

**I.**

Plaintiff initiated this civil action on a Court-approved form on March 27, 2024. [R. 1]. Plaintiff brings this action against Judge Katie King, Jefferson District Court, arising out of a state-law criminal case brought against Plaintiff for shoplifting and probation violations. *See Commonwealth v. Duncan*, Criminal Action No. 18-F-008199.[1] As relief, Plaintiff seeks dismissal of that case. *Id.* at 2.

**II.**

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608–09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). Although courts are to hold

---

[1] The Kentucky Court of Justice online court records are available at https://kcoj kycourts net/kyecourts. A court may take judicial notice of undisputed information contained on government websites, *Demis v. Sniezek*, 558 F.3d 508, 513 n.2 (6th Cir. 2009), and of "proceedings in other courts of record." *Granader v. Public Bank*, 417 F.2d 75, 82–83 (6th Cir. 1969).

*pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [courts] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

On review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)).

### III.

#### A. Absolute Immunity

In as much as Plaintiff seeks money damages, Plaintiff's claim against Defendant is subject to dismissal because she enjoys immunity for her alleged conduct in Plaintiff's state-court action.

"It is well established that judges are entitled to absolute judicial immunity from suits for money damages for all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of any jurisdiction." *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994) (citing *Mireles v. Waco*, 502 U.S. 9 (1991) (*per curiam*)).  Judicial immunity is embedded in the long-established principle that "a judicial officer, in exercising the authority vested in [her], [should] be free to act upon [her] own convictions, without apprehension of personal consequences to [herself]." *Stump v. Sparkman*, 435 U.S. 349, 355 (1978).  A judge is entitled to immunity from suit even when accused of acting in bad faith, maliciously, or corruptly.  *Mireles*, 502 U.S. at 11. Plaintiff has not identified any actions taken by Defendant outside of her capacity as a judge.  Thus, because Plaintiff's allegations against Judge King relate solely to actions taken in her judicial capacity, Plaintiff's claim against her is subject to dismissal for failure to state a claim upon which relief may be granted and for seeking relief from a defendant who is immune from such relief.

### B.  Abstention Doctrine

Plaintiff also seeks to have the Court order Defendant to dismiss the state-court criminal action, *Commonwealth v. Duncan*, Criminal Action No. 18-F-008199.  To the extent that Plaintiff seeks this Court's involvement in an ongoing state-court criminal action, the U.S. Supreme Court's decision in *Younger v. Harris* "requires a federal court to abstain from granting injunctive or declaratory relief that would interfere with pending state judicial proceedings." *O'Neill v. Coughlan*, 511 F.3d 638, 643 (6th Cir. 2008) (citing *Younger v. Harris*, 401 U.S. 37, 40–41 (1971)).  "The *Younger* abstention doctrine provides that a federal court should abstain from interfering in a state court action when (1) there is an ongoing state judicial proceeding, (2) the state proceeding implicates important state interests, and (3) there is an adequate opportunity in the state proceedings to raise constitutional challenges." *Graves v. Mahoning Cnty.*, 534 F. App'x 399, 406 (6th Cir. 2013) (citing *Fieger v. Cox*, 524 F.3d 770, 775 (6th Cir. 2008); *American Family*

*Prepaid Legal Corp. v. Columbus Bar Ass'n*, 498 F.3d 328, 332 (6th Cir. 2007)). All three factors supporting abstention are present in this case. The matters presented in the Complaint involve an ongoing state criminal proceeding and implicate important state interests in prosecuting criminal activity. *See Askew v. Ambrose*, No. 3:16-CV-798-CRS, 2017 WL 240086, at *3 (W.D. Ky. Jan. 19, 2017) (citing *Doscher v. Menifee Circuit Court*, No. 03-5229, 2003 WL 22220534, at *1, 75 F. App'x 996 (6th Cir. Sept. 24, 2003)). Additionally, there is no indication that constitutional claims could not be raised in the state court proceeding. Therefore, the relief sought would interfere with the state criminal action and is barred by the *Younger* abstention doctrine.

## IV.

The Court will enter a separate Order dismissing this action consistent with this Memorandum Opinion.

This the 10th day of May, 2024.

*[Signature]*
CLARIA HORN BOOM,
UNITED STATES DISTRICT COURT JUDGE
EASTERN AND WESTERN DISTRICTS OF KENTUCKY

cc:    Plaintiff, *pro se*
       Defendants
A958.014

4